Dean A. Dickie (*Pro Hac Vice to be filed*)
Dickie@MillerCanfield.com
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, IL 60606
Telephone: 312.460.4217
Facsimile: 312.460.4288

Ira Gould (*Pro Hac Vice to be filed*)
gould@igouldlaw.com
Ryan L. Greely (*Pro Hac Vice to be filed*)
rgreely@igouldlaw.com
GOULD LAW GROUP
120 North LaSalle Street, Suite 2750
Chicago, IL 60602
Telephone: 312.781.0680
Facsimile: 312.726.1328

George L. Hampton IV (State Bar No. 144433)
ghampton@hamptonholley.com
Colin C. Holley (State Bar No. 191999)
cholley@hamptonholley.com
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625
Telephone: 949.718.4550
Facsimile: 949.718.4580

Attorneys for Plaintiff
BRYAN PRINGLE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BRYAN PRINGLE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM ADAMS, JR.; STACY FERGUSON; ALLAN PINEDA; and JAIME GOMEZ, all individually and collectively as the music group the Black Eyed Peas; DAVID GUETTA; FREDERICK RIESTERER; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; EMI APRIL MUSIC, INC.; HEADPHONE JUNKIE PUBLISHING, LLC; WILL.I.AM. MUSIC, LLC; JEEPNEY MUSIC, INC.; TAB | Case No. SACV10 - 1656 JST(RZx)<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>[DEMAND FOR JURY TRIAL] |

1

4816-8867-7895 - v. 1

1  MAGNETIC PUBLISHING; CHERRY )
2  RIVER MUSIC CO.; SQUARE RIVOLI )
   PUBLISHING; RISTER EDITIONS; and )
3  SHAPIRO, BERNSTEIN & CO., )
                        )
4          Defendants. )
   _____ )

5

6        Plaintiff, Bryan Pringle, by his undersigned attorneys, as his Complaint against

7  Defendants William Adams, Jr., Stacy Ferguson, Allan Pineda, and Jaime Gomez,

8  individually and collectively as the music group the Black Eyed Peas, David Guetta,

9  Frederick Riesterer, UMG Recordings, Inc., Interscope Records, EMI April Music,

10 Inc., Headphone Junkie Publishing, LLC, Will.I.Am Music, LLC, Jeepney Music,

11 Inc., Tab Magnetic Publishing, Cherry River Music Co., Square Rivoli Publishing,

12 Rister Editions, and Shapiro, Bernstein & Co., hereby alleges as follows:

13                          **INTRODUCTION**

14       1.      This is a case of willful copyright infringement against a number of

15 Defendants, among who are the members of the internationally famous music group

16 known as the Black Eyed Peas, their record label and publishers. The Defendant

17 members of the Black Eyed Peas, David Guetta, Frederick Riesterer, and, upon

18 information and belief, UMG Recordings, Inc. and Interscope Records, are direct

19 copyright infringers, as they willfully copied, or encouraged and/or instructed the

20 copying of, Plaintiff's song "Take a Dive," when they wrote their world-wide hit,

21 Grammy-winning song, "I Gotta Feeling."  The other Defendants are either

22 contributory or vicarious infringers.

23       2.      The suit seeks actual damages incurred by the Plaintiff, plus

24 disgorgement of each of the Defendants' profits that were and will be received from

25 their hit song "I Gotta Feeling," as a result of the infringement. Plaintiff also requests

26 that both a preliminary and permanent injunction be entered to enjoin the public

27 performance and distribution of "I Gotta Feeling," along with the imposition of a

28 constructive trust over the wrongfully made profits earned worldwide from the

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4816-8867-7895 - v. 1

1  infringement and an accounting as to those profits.  The Black Eyed Peas are
2  currently on their world tour, unlawfully and unfairly reaping profits from the
3  singing of the song "I Gotta Feeling," and each day there are substantial sales of this
4  song worldwide.

5      3.    "Take a Dive" and numerous derivative versions of "Take a Dive," were
6  submitted by Plaintiff multiple times to Defendants Interscope, EMI and UMG
7  Recordings over a ten-year period, in trust and confidence.  Plaintiff had a good faith
8  expectation that the song would only be listened to for legitimate business purposes
9  and that his ownership and financial rights in the song would be protected.  Since no
10  advice was given by Interscope, EMI or UMG Recordings to the contrary, there was
11  the implicit assurance given to Plaintiff that his song would not be wrongfully copied
12  after it was received, and that it would not be plagiarized and then released to the
13  public as a song by another artist like the Black Eyed Peas, or another artist signed to
14  Interscope or UMG Recordings.

15      4.    The song "I Gotta Feeling" is substantially similar to Plaintiff's song
16  "Take a Dive." Actually it is strikingly similar, and the main instrumental "hook
17  line" sequences in both songs -- the distinct, memorable parts of both songs to the ear
18  -- are identical.  Simply put, the key melody portions of "Take a Dive" were reused
19  or incorporated into "I Gotta Feeling," secretly and with knowledge and willfulness,
20  without Plaintiff's authorization, with the result being the iconic, hit song that "I
21  Gotta Feeling" became.  There can be no reasonable, alternative explanation for
22  these similarities other than the fact that the Black Eyed Peas, David Guetta and/or
23  Frederick Riesterer directly copied Plaintiff's song.

24      5.    On information and belief, Defendants' infringement of Plaintiff's song
25  "Take a Dive" is what appears to be a general pattern and practice by UMG,
26  Interscope and members of the Black Eyed Peas, of deliberate and intentional
27  copyright infringement as to songs written by other artists/songwriters and submitted
28  in good faith to one or more of these Defendants. There also is a disturbing pattern

3

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1   and practice of taking bits and pieces of other artist's songs and copying them as part
2   of songs performed by the Black Eyed Peas, even if the copied portions do not rise to
3   the level of copyright infringement.

4       6.      There is an important need and public benefit for the legal rights and
5   music of copyright owners to be protected. This can be especially true for unknown
6   artists and songwriters, such as the Plaintiff, who are financially vulnerable to
7   instances where there is a callous disregard of their rights by famous and wealthy
8   artists and major record labels.  Granting the relief and remedies sought herein, in
9   response to the facts and circumstances alleged, will serve to help maintain and
10  further the integrity of the music industry and the interests of music consumers at
11  large.

12                      **JURISDICTION AND VENUE**

13      7.      This Court has subject matter jurisdiction over the claims and causes of
14  action asserted herein under 28 U.S.C. § 1338(a) as it is an action arising under Acts
15  of Congress relating to copyrights, named by the Copyright Act of 1976, 17 U.S.C. §
16  101 *et seq.*

17      8.      Venue is proper in the U.S. District Court for the Central District of
18  California, pursuant to 28 U.S.C. §§ 1391(b)(3), as UMG Recordings, Inc.,
19  Interscope Records, Headphone Junkie Publishing, LLC, Will.I.Am Music, LLC,
20  Jeepney Music, Inc., and Tab Magnetic Publishing all have their principal places of
21  business in this District and, upon information and belief, the individual Defendants
22  William Adams, Jr., Stacy Ferguson, Allan Pineda, and Jaime Gomez reside in this
23  District.

24                      **GENERAL ALLEGATIONS**

25  **A.     Parties**

26      9.      Plaintiff Bryan Pringle, a/k/a DJ Spanky, a/k/a Altared State, a/k/a Dead
27  Beat Club ("Pringle"), is an individual residing in San Antonio, Texas.  Pringle is a
28  songwriter that has been submitting music to Interscope Records, EMI, UMG

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4

1  Recordings and other major record labels on a regular basis, under various aliases
2  since around the mid-1990s.

3      10.   Defendant William Adams Jr., a/k/a Will.I.Am ("Will.I.Am"), is an
4  individual and well-known songwriter, music producer and recording artist who,
5  upon information and belief, resides in Los Angeles, California.  Will.I.Am is one of
6  the four members of the Black Eyed Peas.

7      11.   Defendant Stacy Ferguson, a/k/a Fergie ("Fergie"), is an individual and
8  internationally famous recording artist and songwriter who, upon information and
9  belief, resides in Los Angeles, California.  Fergie is one of the four members of the
10  Black Eyed Peas.

11     12.   Defendant Allan Pineda, a/k/a apl.de.ap ("apl.de.ap"), is an individual
12  recording artist and songwriter who, upon information and belief, resides in Los
13  Angeles, California.  apl.de.ap is one of the four members of the Black Eyed Peas.

14     13.   Defendant Jaime Gomez, a/k/a Taboo ("Taboo"), is an individual
15  recording artist and songwriter who, upon information and belief, resides in Los
16  Angeles, California.  Taboo is one of the four members of the Black Eyed Peas.

17     14.   Defendant David Guetta ("Guetta") is an individual songwriter and
18  music producer who, upon information and belief, resides in Los Angeles, California.
19  Guetta has co-written and co-produced several of the Black Eyed Peas' songs.

20     15.   Defendant Frederick Riesterer ("Riesterer") is an individual songwriter
21  and music producer who, upon information and belief, resides in Los Angeles,
22  California.  Riesterer has co-written and co-produced several of the Black Eyed Peas'
23  songs.

24     16.   Defendant UMG Recordings, Inc. ("UMG") is a Delaware corporation
25  with its principal place of business in Los Angeles, California.  UMG is a major
26  record label conglomerate.

27     17.   Defendant Interscope Records ("Interscope") is a California general
28  partnership with its principal place of business in Los Angeles, California.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

5

1  Interscope is the record label that the Black Eyed Peas are signed to, and is one of the
2  record labels owned by UMG.

3      18.     Defendant EMI April Music, Inc. ("EMI") is a Connecticut corporation
4  with its principal place of business in New York, New York.  EMI is a music
5  publishing company that is one of the publishers of the infringing song "I Gotta
6  Feeling."

7      19.     Defendant Headphone Junkie Publishing, LLC ("Headphone Junkie") is
8  a California limited liability company with its principal place of business in Los
9  Angeles, California.  Headphone Junkie is a music publishing company that is one of
10  the publishers of the infringing song "I Gotta Feeling."

11      20.     Defendant Will.I.Am Music, LLC ("Will.I.Am Music") is a California
12  limited liability company with its principal place of business in Los Angeles,
13  California.  Will.I.Am Music is a music publishing company that is one of the
14  publishers of the infringing song "I Gotta Feeling."

15      21.     Defendant Jeepney Music, Inc. ("Jeepney Music") is a California
16  corporation with its principal place of business in Los Angeles, California.  Jeepney
17  Music is a music publishing company that is one of the publishers of the infringing
18  song "I Gotta Feeling."

19      22.     Defendant Tab Magnetic Publishing ("Tab Magnetic") is a California
20  corporation with its principal place of business in Los Angeles, California.  Tab
21  Magnetic is a music publishing company that is one of the publishers of the
22  infringing song "I Gotta Feeling."

23      23.     Defendant Cherry River Music Co. ("Cherry River Music") is a
24  Delaware corporation with its principal place of business in New York, New York.
25  Cherry River Music is a music publishing company that is one of the publishers of
26  the infringing song "I Gotta Feeling."

27      24.     Defendant Square Rivoli Publishing ("Square Rivoli") is a foreign
28  corporation that is administered in the United States by Shapiro, Bernstein & Co.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1  Square Rivoli is a music publishing company that is one of the publishers of the

2  infringing song, "I Gotta Feeling."

3       25.    Defendant Rister Editions ("Rister") is a foreign corporation that is

4  administered in the United States by Shapiro, Bernstein & Co.  Rister is a music

5  publishing company that is one of the publishers of the infringing song, "I Gotta

6  Feeling."

7       26.    Defendant Shapiro, Bernstein & Co., Inc. ("SB&Co.") is a New York

8  corporation with its principal place of business in New York, New York.  SB&Co. is

9  a music publishing company that is one of the publishers of the infringing song, "I

10  Gotta Feeling."

11  **B.    <u>Plaintiff's Creation and Protection of His Original Work</u>**

12      27.    In or around 1998, Pringle wrote and recorded the song "Take a Dive."

13  "Take a Dive" was and is comprised of material that is wholly original, and thus

14  entitled to protection as copyrightable material pursuant to the Copyright Act of

15  1976, 17 U.S.C. § 101 et seq.

16      28.    Pringle duly registered a claim for "Take a Dive," along with several

17  other songs, which were part of a CD entitled *Dead Beat Club: 1998*, with the United

18  States Copyright Office, evidenced by a Certificate of Registration issued by the

19  Register of Copyrights, dated and identified as follows: April 29, 1998, SRu 387 –

20  433 (*see* Exhibit A attached hereto).

21      29.    In or around 1999, Pringle made a slightly different derivative work of

22  "Take a Dive," which consisted of simply changing the original bass drum placement

23  from two, to four quarter note drum beats, in a 4/4 time measure (into a more

24  common 4/4 "dance-club" style drum beat) and adding what can best be described as

25  a repeating eight-bar melody, using a "guitar twang" instrument, utilizing a total of

26  four notes (D4, C4, B3 and G3), in the following progression: D4-C4-B3-C4-B3-C4,

27  (in the key of G3) (hereinafter referred to as the "guitar twang sequence").  This

28

HAMPTON HOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

7

1  "guitar twang sequence" of notes was modeled after "Take a Dive's" progression of

2  notes in the chorus vocals, sung by Pringle.

3       30.    Since 1999, Pringle has been, and still is, the proprietor of the statutory

4  copyright in the musical composition and sound recording for "Take a Dive," and

5  duly possessed all rights, title and interests therein.  At all relevant times, Pringle has

6  complied with all of the laws pertinent to his music composition and sound recording

7  as a copyrighted work.

8  **C.**   **Defendants' Access to and Copying of Plaintiff's Copyrighted Song "Take**

9      **a Dive"**

10       31.    Over the time period from around 1994 to 2008, Pringle had regularly

11  submitted his demo CDs to Defendants UMG, Interscope and EMI, as well as other

12  major record labels, internet music websites, TAXI (and independent A&R

13  company), talent scouts, artist managers, production studios (including film,

14  television and music), famous songwriters, radio stations, booking agents, national

15  and international music contests, nightclubs and publishing companies.  These

16  submissions were done in the hopes of promoting his music, becoming signed as an

17  artist to a major label, or selling his songs to publishing companies and/or other

18  already established artists.

19       32.    In addition to the submission of his demo CDs, Pringle continually

20  advertised his music on the internet via multiple music websites, and had his music

21  played internationally via radio and internet.

22       33.    Over the period from around 1994 to 2008, Pringle received numerous

23  response letters, one of which was handwritten, from multiple A&R representatives

24  at Interscope, UMG and EMI, saying that while his music was of good quality, the

25  labels were not currently interested in signing him as an artist or purchasing any of

26  his music.  These letters demonstrate that Interscope, UMG and EMI received

27  Pringle's music, and implicitly acknowledges that the CDs were listened to by these

28  individuals.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4816-8867-7895 - v. 1

34.     Further, upon information and belief, at all relevant times, Will.I.Am was an Artist and Repertoire ("A&R") at Interscope, and in this capacity acted as a form of talent scout for the Interscope label.  If Will.I.Am was not a formal A&R, then he acted in this capacity, with the full knowledge of Interscope and the other members of the Black Eyed Peas.

35.     On information and belief, as a result of Will.I.Am's position as an A&R, or some similar position, he had direct access to all the music that was submitted to Interscope by unsigned artists/songwriters during this time period. This included Plaintiff's song "Take a Dive," and the derivative versions of "Take a Dive," as well as other songs that he and the Defendant Black Eyed Peas unlawfully and willfully plagiarized, as alleged below, as part of a repeated pattern and practice.

36.     Will.I.Am's A&R role with Interscope, while at the same time being a major artist signed to the label, posed a conflict of interest and incentivized and encouraged the doing of the kind of wrongful acts alleged herein.

37.     On information and belief, one of the Black Eyed Peas, Guetta, and/or Riesterer accessed one or more of Pringle's demo CDs that included one or more of his derivative versions of "Take a Dive," listened to the song, and decided to directly copy significant portions of the song when they wrote and recorded "I Gotta Feeling."

38.     Plaintiff did not authorize any of the Defendants to record, release, perform or license "I Gotta Feeling," as the case may be, to the extent such actions were based on the unlawful copying of "Take a Dive."  Furthermore, the Defendants knew, or should have known, that Plaintiff was expecting them to act fairly and to honor Plaintiff's good faith and reasonable belief that "Take a Dive" would not be plagiarized.

39.     In addition to the individual members of the Black Eyed Peas, Guetta and Riesterer, Defendants UMG and Interscope are, upon information and belief, also direct infringers due their conspiracy with the members of the Black Eyed Peas

9

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1 to conduct an ongoing pattern and practice of intentional copyright infringement, as

2 alleged below. EMI, Headphone Junkie, Will.I.Am Music, Jeepney Music, Tab

3 Magnetic, Cherry River Music, Square Rivoli, Rister and SB&Co., are all

4 contributory or vicarious infringers as all had some degree of supervisory control

5 over the release, performance, sale and distribution of the single "I Gotta Feeling,"

6 and the Black Eyed Peas' album, *The E.N.D.*, which contains the song "I Gotta

7 Feeling," and all obtained direct financial benefit from doing so.

8 **D.** **Substantial Similarity Between "Take a Dive" and "I Gotta Feeling"**

9     40.    As a result of the Black Eyed Peas, Guetta and/or Riesterer having

10 copied "Take a Dive," "I Gotta Feeling," as a whole, is substantially similar to "Take

11 a Dive" and the guitar twang sequence is identical.

12     41.    The guitar twang sequence was directly lifted by the Black Eyed Peas

13 and placed into their song.  The guitar twang sequence in both songs is identical in

14 instrumentation, melody, harmony and rhythm, so much so that there is no other

15 explanation for the identicality of the two songs other than the fact that the Black

16 Eyed Peas, Guetta, and/or Riesterer either directly sampled Pringle's sound recording

17 of "Take a Dive," or took the time to find the same instrumentation and duplicate the

18 identical sequence of the notes.

19     42.    The fact that the guitar twang sequence of "I Gotta Feeling" is identical

20 to the one in "Take a Dive" establishes that the Black Eyed Peas, Guetta and/or

21 Riesterer had access to "Take a Dive," that they copied "Take a Dive," and that their

22 copying of "Take a Dive" was intentional, willful and wanton.

23     43.    In addition to the guitar twang sequence, and among other similarities,

24 the following is a list of similarities between the two songs:

25         (a)    Both songs are substantially similar in total concept and feel;

26         (b)    Both songs incorporate a contemporary dance style of music;

27

28

4816-8867-7895 - v. 1

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

(c)     Both songs have an almost identical tempo — "Take a Dive" is 130 beats per minute ("bpm"), while "I Gotta Feeling" is 128 bpm;

(d)     Both songs use a half step (or goose step) bass line. This type of bass line is achieved by alternating the same bass note from a high and low corresponding octave with the low octave bass note on the 4 down beats, while the high octave corresponding note is on the upbeat or half step;

(e)     Both songs use almost identical "dance" style bass drums; the bass drum as a traditional 4/4 dance beat with the bass hitting on the 4 down beats and a electronic dance style snare, with both an eight note and a sixteenth note hi hat cymbal, and half step open hi hat;

(f)     Both songs have substantially similar sweeping low bass synthesizers, playing in almost the exact same position (utilizing "sharp type" ascending notes and "flat type" descending notes, or eighth note type steps, between major changes in the bass chords). This technique is also utilized in "Take a Dive's" chorus synthesizer sequence and re-mixes of "I Gotta Feeling";

(g)     In "I Gotta Feeling," the Black Eyed Peas use a violin instrument starting in the middle of their song (where the bass drum drops out) in a sequence of sixteenth notes. This is identical in rhythm, syncopation and substantially similar in melody to the rising and falling (cascading) high delay synthesizer sequence of eighth notes (which are actually sixteenth notes, because of the delay effects), which is the first sequence that comes into "Take a Dive" after the intro and which plays throughout "Take a Dive";

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

11

(h) Both songs utilize a "rising space-like blasting" sound effect. It slowly rises and then crashes. This particular sound effect is utilized in several of the official "I Gotta Feeling," re-mixed versions, including a version constructed by Dave Guetta (Dave Guetta FMIF Remix, at 4:07, into his song);

(i) Both songs utilize the reverse effect to change a break in the music. This can be heard in "I Gotta Feeling" right at the end of the break in the middle where the bass drum drops out and then comes back in (This reverse effect is also utilized in several of the official "I Gotta Feeling" re-mixed versions, including the Dave Guetta FMIF Remix, at 0:58 seconds, into his song). "Take a Dive" utilizes this technique on breaks, at the end of the chorus and at the rise into the chorus;

(j) Both songs utilize a rotary (spinning) effect. "I Gotta Feeling" uses this rotary effect on the half step (or goose step) bass line, while "Take a Dive" utilizes this effect on a percussive sequence of what sounds like to be, tiny percussive metal bells;

(k) Both songs have a substantially similar chorus synthesizer sequence. The chorus synthesizer sequence in "Take a Dive" is substantially similar to the chorus synthesizer sequence in "I Gotta Feeling" not only in the actual sequence of notes played, but also in the actual sound of the "organ-esque" type instrumentation; and

(l) Both songs have a substantially similar structure, as shown by at least 26 unique correlations between key events triggered in the exact same locations in the "I Gotta Feeling" vocal track and the music for "Take a Dive."

12

E.     **The Aftermath of "I Gotta Feeling's" Release**

44.     The Black Eyed Peas released "I Gotta Feeling" on or around June 16, 2009, as the second single off of their hit album *The E.N.D.*

45.     Since its release, "I Gotta Feeling" has achieved tremendous success and worldwide acclaim. Among other things, "I Gotta Feeling" has:

      (a)     Become the best selling song for the Black Eyed Peas to date, with over 6 million digital downloads sold in the U.S. alone, helping make it the highest selling digital download of all time, and playing a substantial role in helping *The E.N.D.* album sell over 3 million copies in the U.S. (over 7 million copies worldwide);

      (b)     Spent fourteen weeks at the number one spot on the *Billboard* Hot 100 Chart, and was named fifth on the *Billboard* Hot 100 Songs of the Decade;

      (c)     Been nominated for Record of the Year at the 52nd Grammy Awards and won the Grammy for Best Pop Performance by a Duo or Group with Vocals; and

      (d)     Been licensed in several nationwide commercials, television episodes, and was also licensed to the 2009 movie *Alvin and the Chipmunks: The Squeakquel.*

46.     All Defendants have reaped substantial profits, coming from multiple worldwide sources and revenue streams, as a result of the willful copyright infringement of "I Gotta Feeling," and they have therefore been unjustly enriched.

F.     **Defendants' Conspiracy to Engage in and Conduct a Pattern and Practice of Ongoing Willful Copyright Infringement as to Others**

47.     The actions alleged herein are not a single isolated incident. Rather, they are part of a general pattern and practice and in fact, on information and belief, a civil conspiracy by and among Defendants UMG, Interscope and the Black Eyed

13

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 280
Corona del Mar, California 92625

1   Peas.  The conspiracy consists of a bad-faith pattern and practice among these

2   Defendants of cavalierly and intentionally disregarding statutory copyright laws by

3   either copying songs, or portions thereof, from other artists and/or songwriters, and

4   changing them slightly in order to make them appear as original works, or sampling

5   other songs. This is routinely done without gaining the proper authorization from the

6   copyright holders, who otherwise are looking to collaborate on their songs with the

7   Defendants when they send them their music, and who rightfully expect to be given

8   appropriate compensation, credits and legal protections.

9       48.    The foregoing course of conduct demonstrates the element of

10   willfulness relative to the infringing acts perpetrated against the Plaintiff, as well as

11   demonstrating the bad faith motives of Defendants UMG, Interscope and the Black

12   Eyed Peas.

13       49.    At a minimum, Defendants UMG and Interscope were active enablers of

14   this wrongful conduct by the Black Eyed Peas.  They knew, or should have known,

15   that having Will.I.Am as an A&R for Interscope presented the distinct probability, if

16   not the inevitability, that the actions engaged in herein would take place.

17       50.    On information and belief, based on the facts and circumstances alleged

18   herein, these parties had an understanding or agreement between themselves that the

19   conduct complained of herein would and could take place. Consequently, Interscope

20   did not put into place any practices or procedures geared to protect against such

21   conduct, or if they did, they were not followed and this was known by Interscope.

22       51.    UMG, Interscope and the Black Eyed Peas know that, from a business

23   standpoint, the intentional copyright infringement of songs from an independent or

24   unknown artist and/or songwriter can create a major financial windfall to them, while

25   at the same time injure or damage the financial and professional interests of the artist

26   and/or songwriter.  This is because they know or expect that when they engage in

27   intentional copyright infringement either of the following will happen:

28

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

14

   (a)   The independent/unknown artist and/or songwriter either does not have the financial means of pursuing a lengthy and costly copyright infringement case against a major recording group and record label, or simply will never find out about the infringement and come forward and claim ownership of his/her song, and thus the infringing parties will have successfully gotten away with copyright infringement, and reaped the profits off of someone else's copyrighted material; or

   (b)   The independent/unknown artist and/or songwriter does in fact come forward and claim ownership of his/her song, in which case the infringing parties can simply pay off the artist/songwriter in a settlement with what amounts to a nominal sum to them, but which may be a large amount of money for the struggling artist and/or songwriter, or just wear him/her down in expensive litigation, to the point where they can no longer afford to pursue fair and equitable compensation, and are thus forced into settling for a nominal sum.

52.   In either of the scenarios above, the infringing parties reap substantial profits off of the intentional infringement of copyrighted material, making it a good financial investment from their standpoint.

53.   The Defendants' actions alleged herein, are essentially the engaging in unfair business practices under California law. The Defendants have artists and songwriters voluntarily submitting their music to UMG and Interscope, which they willingly accept, and they simply pick and choose the best music to copy, knowing that the artists/songwriters who submitted the music have no practical or adequate way to protect their intellectual property. This course of conduct ensures that UMG's and Interscope's artists always have access to the "best" music in the marketplace. This practice, along with UMG's and Interscope's superior financial

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4816-8867-7895 - v. 1

1  capabilities, also ensures that the submitting artists/songwriters, who may otherwise
2  be talented enough to have their music heard, will never get the proper credit for
3  their music or get a chance to properly promote themselves as musicians.

4    54.   The Black Eyed Peas are in the midst of a world tour, during which they
5  publicly perform the song "I Gotta Feeling."  People are attending these concerts in
6  record numbers because, in part, of the enormous success and acclaim of this song.
7  No one knows that "I Gotta Feeling" was copied from Plaintiff, and that Plaintiff is a
8  talented songwriter in his own right.  He could have been enjoying the fruits of his
9  talent had the Black Eyed Peas and/or Intersope and/or certain of the other
10  Defendants come to him originally and honestly, in a proper business-like manner,
11  and worked out a royalty agreement with him that gave him credit for having written,
12  or co-written, the song.  This would clearly have led to major notoriety for Plaintiff
13  and been the trigger for many financially lucrative business opportunities for him in
14  the music world.  Instead, this never happened because of the unfair business
15  practices undertaken by the Black Eyed Peas and certain of the other Defendants.

16    55.   The conspiracy, pattern and practice among these particular Defendants
17  of knowingly and intentionally engaging in, or allowing there to be, repeated
18  instances of willful copyright infringement is demonstrated by the following
19  examples, among others, in addition to the allegations contained herein:

20    (a)   Grounded Music Inc. filed a lawsuit in United States District
21      Court for the Central District of California in 2009, Case No. 09-
22      cv-06776, alleging Will.I.Am and Fergie willfully and
23      intentionally copied the group Groundation's song "Waterfall" in
24      writing Fergie's song "Voodoo Doll," which was featured on her
25      debut solo album, *The Dutchess*.  A comparison of these two
26      songs demonstrates that they are substantially similar, and that
27      certain portions of the two songs are identical.  On April 1, 2010,
28      the Court entered an Order granting the parties' Stipulation to

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

16

Dismiss Case pursuant to a conditional settlement (the "Stipulation"). The case has not been refiled by Groundation within the 60 days allotted in the terms of the Stipulation and in the event a settlement could not be reached, and therefore, upon information and belief, the Black Eyed Peas have settled this claim.

(b)     In or around the fall of 2009, musician Adam Freeland ("Freeland") accused Will.I.Am and the other individual members of the Black Eyed Peas of intentionally sampling (taking an audio segment from an original recording and inserting it directly into a new recording) his song "Mancry," without authorization, which ended up as the background music on the Black Eyed Peas' hit song "Party All the Time."  A comparison of these two songs demonstrates that the Black Eyed Peas did in fact sample Freeland's song "Mancry," and simply added a drum pattern and lyrics on top of the sample.  This dispute was reported in the media to have been recently settled out of court before a case was filed by Freeland.

(c)     On information and belief, there have been other potential copyright infringement claims brought to the attention of UMG, Interscope and/or the Black Eyed Peas by other songwriters, which were disposed of out of court, before cases were filed, and kept confidential, so as not to expose the wrongful actions of the Defendants.

56.     In addition to the allegations contained herein, and the acts of copyright infringement listed in Paragraph 55 above, there are other instances where the Black Eyed Peas copied portions of Pringle's songs from the demo CDs that he submitted to UMG, EMI and Interscope, from around 1994 to 2008, when writing songs on *The*

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1   *E.N.D.* album, as well as several songs from Will.I.Am's *Songs About Girls* album.

2   On information and belief, Guetta also copied the guitar twang sequence when he

3   wrote his hit song "Love is Gone."  While the above instances of copying may not

4   rise to the level of copyright infringement of Pringle's musical compositions, they

5   further establish a pattern and practice of copying music from other songwriters, in

6   turn establishing the willfulness of Defendants' infringement with respect to "Take a

7   Dive."

8       57.   The foregoing actions in Paragraphs 55 and 56 above occurred in the

9   same relative time period as did the acts alleged herein as to "Take a Dive" and "I

10   Gotta Feeling."  The actions also have a remarkable similarity in methodology as

11   between the circumstances alleged herein as to Plaintiff's song, "Take a Dive," and

12   in regards to how these other songs and their songwriters/artists were wronged.

13       58.   These actions also demonstrate the bad faith intentions of these

14   Defendants as to their actions and illustrate their practice and pattern of willful

15   copyright infringement of songs from unknown artists and/or songwriters, and their

16   complete disregard for compliance with statutory copyright laws.

17       59.   The Black Eyed Peas have, in effect, launched their careers to new

18   heights off of copying copyrighted material of other artists.  "I Gotta Feeling" is the

19   group's highest selling song of all time, and is primarily responsible for the success

20   of *The E.N.D.* album and for resurrecting the Black Eyed Peas as an international

21   music phenomenon, garnering worldwide publicity and profitable concert

22   appearances that would not have occurred had it not been for the release and

23   enormous success of this plagiarized song.

24       60.   The Defendants' infringement of "Take a Dive" was undertaken in a

25   willful and wanton manner, with the specific intention of taking copyrighted music

26   from Plaintiff and using it for the Defendants' own gain, in knowing violation of

27   U.S. copyright laws.  The fact that the actions herein as to the Plaintiff are not an

28   isolated occurrence, but part of a general pattern and practice, as alleged herein,

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1   where there were similar occurrences of willful copyright infringement, makes the

2   actions of the Defendants reprehensible, and taken with a callous disregard of the

3   rights of artists and songwriters who, like the Plaintiff, are highly vulnerable to such

4   actions by famous and wealthy artists and major record labels.  If these actions go

5   unchecked and are not punished, they will have a damaging effect on the integrity of

6   the music industry and encourage other famous artists and major record labels to

7   engage in similar wrongful and bad faith behavior.

## COUNT I

### Copyright Infringement Against All Defendants

10      61.     Plaintiff hereby incorporates Paragraphs 1 through 60 into this

11   Paragraph 61.

12      62.     Defendants Will.I.Am, Fergie, apl.de.ap, Taboo, Guetta and Riesterer

13   gained access to Plaintiff's copyrighted song "Take a Dive," and then subsequently

14   copied "Take a Dive," without Plaintiff's permission, when they wrote, recorded,

15   performed and made derivative works of their song "I Gotta Feeling."

16      63.     "I Gotta Feeling" is substantially similar to "Take a Dive" and the guitar

17   twang sequence is identical.

18      64.     All Defendants named herein infringed the statutory copyright in

19   Plaintiff's musical composition by substantial copying, publicly performing, making

20   and distributing, or authorizing the making and distributing of, phonorecords of "I

21   Gotta Feeling," and by participating in and furthering such infringing acts.  The

22   respective infringing acts of Defendants have damaged Plaintiff in an amount yet to

23   be determined, and have unjustly enriched the Defendants in an amount yet to be

24   determined.

25      65.     The individual Defendants, and their group the Black Eyed Peas, as well

26   as UMG and Interscope by way of their alleged conspiracy with the individual

27   Defendants and the Black Eyed Peas, have directly infringed on Plaintiff's

28   copyrighted song "Take a Dive."

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

4816-8867-7895 - v. 1

66.     In addition, Will.I.Am Music, Tab Magnetic, Jeepney Music, Headphone Junkie, Square Rivoli and Rister are all contributory infringers, as they are publishing companies either owned or directly associated with the members of the Black Eyed Peas, Guetta or Riesterer, and thus knew that infringement was taking place, financially benefited from the infringement, and actively participated in the infringement through their publishing of "I Gotta Feeling."  Cherry River Music, EMI, and SB&Co. are vicarious infringers, as, upon information and belief, they had no knowledge of the actual infringement, but actively participated in, and financially benefitted from, the infringement through their publishing of "I Gotta Feeling" and *The E.N.D.* album.

67.     Each of the Defendants has received ill-gotten financial gain from their infringement of "Take a Dive," and all are jointly and severally liable for all damages.

68.     One or more of the Defendants had actual knowledge of the infringement, knew the Plaintiff would not approve of their copying of "Take a Dive," and thus were deliberate and willful infringers.

69.     Defendants are continuing to infringe Plaintiff's copyright, and will do so unless restrained by this Court.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     That Defendants and their respective agents, servants, representatives and employees be immediately preliminarily and permanently enjoined from infringing Plaintiff's statutory copyright in any manner, including distributing copies of, and making and distributing phonorecords of, the musical composition "I Gotta Feeling" and from licensing and contributing to or participating in and furthering any infringing acts, including but not limited to any public performances of the song "I Gotta Feeling";

20

4816-8867-7895 - v. 1

(b)   That Defendants be required to pay actual damages owed to Plaintiff, which include (1) the lost profits sustained by Plaintiff due to the infringement and by virtue of having been deprived of the benefits of what a songwriter credit for "I Gotta Feeling" would have done to his career, and (2) the disgorgement of all net gains, profits and advantages derived by Defendants from their infringement of Plaintiff's statutory copyright, which amount is yet to be determined over and above the amount of actual damages;

(c)   That a constructive trust be imposed over the wrongfully made profits, and that an accounting be made as to profits earned by each of the Defendants from the infringement;

(d)   That Defendants be required to deliver upon oath, to be impounded during the pendency of this action and for destruction, all infringing copies, recordings and phonorecords, and all plates, molds, matrices and other means of any kind, for making infringing copies, recordings or phonorecords;

(e)   That Plaintiff is given his proper songwriter and publishing credits to the song "I Gotta Feeling," thus entitling him to a portion of all future revenue generated from "I Gotta Feeling";

(f)   Due to the Defendants' willful nature of the Defendants' infringement, coupled with the practice of their willful copyright infringement as to the works of other artists, that Defendants pay Plaintiff's costs and reasonable attorney's fees for his prosecution of this claim; and

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

21

(g)   All such other relief as the Court shall determine is fair and equitable.

Dated: October __, 2010

Dean A. Dickie (*Pro Hac Vice to be filed*)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Ira Gould (*Pro Hac Vice to be filed*)
Ryan L. Greely (*Pro Hac Vice to be filed*)
GOULD LAW GROUP

George L. Hampton IV (State Bar No. 144433)
Colin C. Holley (State Bar No. 191999)
HAMPTONHOLLEY LLP

By: _____
George L. Hampton IV

Attorneys for Plaintiff
BRYAN PRINGLE

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

22

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Bryan Pringle hereby demands a jury trial of all claims alleged in his

3  complaint, as provided by Rule 38 of the Federal Rules of Civil Procedure.

4

5  Dated: October 2̲8̲, 2010      Dean A. Dickie (*Pro Hac Vice to be filed*)

6                              MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

7                              Ira Gould (*Pro Hac Vice to be filed*)
                               Ryan L. Greely (*Pro Hac Vice to be filed*)
8                              GOULD LAW GROUP

9                              George L. Hampton IV (State Bar No. 144433)
                               Colin C. Holley (State Bar No. 191999)
10                             HAMPTONHOLLEY LLP

11

12  By: _____

        George L. Hampton IV
13
    Attorneys for Plaintiff
14  BRYAN PRINGLE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

**CERTIFICATE OF REGISTRATION**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**OFFICIAL SEAL**

REGISTRATION NUMBER

**SRu 387 – 433**

*SRU0000387433*

**EFFECTIVE DATE OF REGISTRATION**

| Month | Day | Year |
|-------|-----|------|
| 7 | 29 | 98 |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**TITLE OF THIS WORK ▼**
DEAD BEAT CLUB : 1998

**PREVIOUS OR ALTERNATIVE TITLES ▼**
DEAD BEAT CLUB, TECHNIQUE, COUNTER CULTURE, TECHNIK

**NATURE OF THIS WORK ▼** See instructions
18 SONGS WITH MUSIC + WORDS

**NAME OF AUTHOR ▼**
BRYAN DANIEL PRINGLE

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1973  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR ☐ Citizen of ▶ UNITED STATES
☐ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
18 SONGS WRITTEN + RECORDED BY BRYAN D PRINGLE

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR ☐ Citizen of ▶
☐ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR ☐ Citizen of ▶
☐ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given In all cases.
1998 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ —  Day ▶ —  Year ▶
◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
BRYAN D PRINGLE
1300 BARRINGTON DRIVE
AUSTIN, TX 78753

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JUL 29 1998
ONE DEPOSIT RECEIVED
JUL 29 1998
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY _____    FORM PA

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes   ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**  PENDING ———  **Year of Registration ▼**  1998

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

TOO YOUNG TO DROWN, HOLLYWOOD BABYLON, RAGDOLL, PLEASURE OF PAIN, REGRET, BREATHE, BROKEN WING, FAITH, TIME, ABSENTIA, CRUELEST JOKE, SWEET 16, KING FOR A DAY, NEVER SAY GOODBYE, DIVE, 1952, A TEAR ROLLS DOWN, 7 SECONDS TO HEARTBREAK

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name ▼**    **Account Number ▼**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

BRYAN D. PRINGLE
1300 BARRINGTON DRIVE
AUSTIN, TX 78753

Be sure to
give your
daytime phone
◀ number

**Area Code and Telephone Number ▶** 512 491 7146

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☒ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of _____
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

BRYAN DANIEL PRINGLE    date ▶ 7/23/98

Handwritten signature (X) ▼

_[signature]_

**9**

MAIL
CERTIFI-
CATE TO

**Name ▼**
BRYAN D. PRINGLE

**Number/Street/Apartment Number ▼**
1300 BARRINGTON DRIVE

**City/State/ZIP ▼**
AUSTIN, TX 78753

Certificate
will be
mailed in
window
envelope

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO
Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

February 1993—100,000

☼U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581/60,502

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>BRYAN PRINGLE, an individual | DEFENDANTS<br>See Attachment A |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>George L. Hampton IV (SBN 144433)<br>HamptonHolley LLP   949.718.4550<br>2101 East Coast Highway, Suite 260, Corona del Mar, CA 92625 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ injunction and monetary relief

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. 501; copyright infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine |  | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent<br>☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment<br>☐ 443 Housing/Accommodations |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV10-1656 JST(RZx)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See Attachment B | See Attachment B |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  10/28/10

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

## ATTACHMENT A
### (Defendants)


WILLIAM ADAMS, JR.; STACY FERGUSON; ALLAN PINEDA; and JAIME GOMEZ, all individually and collectively as the music group the Black Eyed Peas; DAVID GUETTA; FREDERICK RIESTERER; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; EMI APRIL MUSIC, INC.; HEADPHONE JUNKIE PUBLISHING, LLC; WILL.I.AM. MUSIC, LLC; JEEPNEY MUSIC, INC.; TAB MAGNETIC PUBLISHING; CHERRY RIVER MUSIC CO.; SQUARE RIVOLI PUBLISHING; RISTER EDITIONS; and SHAPIRO, BERNSTEIN & CO.

**ATTACHMENT B**
**(IX. VENUE)**

(b)      County in this District, California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides:

| County in this District: | California County outside of this District; State if other than California; or Foreign Country: |
|---|---|
| William Adams, Jr. — Los Angeles | EMI April Music, Inc. — Connecticut & N.Y. |
| Stacy Ferguson — Los Angeles | Cherry River Music Co. — Delaware & N.Y. |
| Allan Pineda — Los Angeles | Square Rivoli Publishing — foreign country (unknown), administered by Shapiro, Bernstein & Co., a N.Y. resident |
| Jaime Gomez — Los Angeles | |
| David Guetta — Los Angeles | Rister Editions — foreign country (unknown), administered by Shapiro, Bernstein & Co., a N.Y. resident |
| Frederick Riesterer — Los Angeles | |
| UMG Recordings, Inc. — Los Angeles | Shapiro, Bernstein & Co. — N.Y. |
| Interscope Records — Los Angeles | |
| Headphone Junkie Publishing, LLC — Los Angeles | |
| Will.I.Am. Music, LLC — Los Angeles | |
| Jeepney Music, Inc. — Los Angeles | |
| Tab Magnetic Publishing — Los Angeles | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1656 JST (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.