UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION - SANTA ANA

BRYAN PRINGLE,                    ) CASE NO:   SACV 10-01656-JST-RZx
                                  )
            Plaintiff,            )            CIVIL
                                  )
    vs.                           )      Los Angeles, California
                                  )
WILLIAM ADAMS, JR., ET AL,        )   Monday, January 23, 2012
                                  )   ( 9:48 a.m. to  9:49 a.m.)
            Defendants.           )   (10:28 a.m. to 10:41 a.m.)

DEFENDANTS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES
TO INTERROGATORIES AND FOR SANCTIONS

BEFORE THE HONORABLE RALPH ZAREFSKY,
UNITED STATES MAGISTRATE JUDGE

Appearances:              See next page

Court Reporter:           Recorded; CourtSmart

Courtroom Deputy:         Ilene Bernal

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988

**Proceedings recorded by electronic sound recording; transcript produced by transcription service.**

**APPEARANCES FOR:**

Plaintiff:                   GEORGE L. HAMPTON, ESQ.
                             HamptonHolley, LLP
                             2101 E. Coast Highway, Suite 260
                             Corona Del Mar, CA 92625

                             JOSEPH G. VERNON, ESQ.
                             Miller Canfield Paddock & Stone, PLC
                             150 W. Jefferson, Suite 2500
                             Detroit, MI 48226

Defendants:                  JONATHAN S. PINK, ESQ.
                             Bryan Cave, LLP
                             3161 Michelson Dr., Suite 1500
                             Irvine, CA 92612

1    **Los Angeles, California; Monday, January 23, 2012; 9:48 a.m.**

2                          **(Call to Order)**

3            **THE COURT:** All right.  Let's call the calendar.

4            **THE CLERK:** Calling item number three, Case Number

5    SACV 10-01656-JST(RZx), Bryan Pringle versus William Adams,

6    Junior, et al.

7            Counsel, please make your appearances.

8            **MR. PINK:** Good morning, your Honor.  Jonathan Pink

9    on behalf moving parties.

10           **THE COURT:** Good morning.  Have you heard from

11   Plaintiff's counsel?

12           **MR. PINK:** I have not, your Honor.

13           **THE COURT:** Do you have any reason to believe he is

14   not going to be here?

15           **MR. PINK:** No, your Honor.  I believe he's coming

16   from Orange County, and I suspect that the traffic may be

17   holding him up.

18           **THE COURT:** All right.  Why don't we call this again.

19           **MR. PINK:** Thank you, your Honor.

20           **THE COURT:** Thank you.

21           Next case.

22      **(Proceeding was recessed from 9:49 a.m. to 10:28 a.m.;**

23   **parties present)**

24           **THE COURT:** Let's call the next case.

25           **THE CLERK:** Recalling item number three, Case Number

1  SACV 10-01656-JST(RZx), Bryan Pringle versus William Adams,
2  Junior, et al.
3           Counsel, please make your appearances.
4           **MR. PINK:**  Good morning, your Honor.  Jonathan Pink
5  on behalf of William Adams, Adam Pineda -- Allen Pineda, Jaime
6  Gomez, Stacy Ferguson, the Black Eyed Peas, moving party.
7           **THE COURT:**  Good morning.
8           **MR. HAMPTON:**  Good morning, your Honor.  George
9  Hampton of Hampton Holley, local counsel for Plaintiff, Bryan
10 Pringle.
11          **THE COURT:**  Good morning.
12          **MR. VERNON:**  Good morning, your Honor.  Joseph Vernon
13 also for the same parties as Mr. Hampton.
14          **THE COURT:**  Who's going to speak for the Plaintiff?
15          **MR. HAMPTON:**  I believe I am, your Honor, but Mr.
16 Vernon may have specific knowledge on specific issues.
17          **THE COURT:**  All right.  Well, we have a lot of
18 interrogatories.  I'm not sure it makes any sense to argue over
19 them.  The papers are pretty full.  I'm prepared to rule.  Is
20 there something that somebody feels compelled to say?
21          **MR. HAMPTON:**  Yes, your Honor, I would.  I think --
22 George Hampton -- I think the one thing that's missing from the
23 context of this argument is the fact that shortly -- I believe
24 a couple days before this motion was filed, a Motion for
25 Summary Judgment was filed by one of the other group of

5

1  Defendants.  And the issues that are currently before Judge
2  Tucker specifically relating to the sample claim as well as
3  this spoliation claim, which Mr. Pink talked about in his
4  supplemental memorandum, are currently before Judge Tucker.
5         So to the extent that this is akin to playing one
6  parent off the other, I think it would be improper to do that
7  because some of these issues are currently before Judge Tucker
8  in connection with a Motion for Summary Judgment that's
9  currently set to be heard a week from today.
10        **THE COURT:**  All right.  Mr. Pink?
11        **MR. PINK:**  Well, with respect to that, your Honor, it
12 is true that Judge Tucker has a Motion for Summary Judgment
13 that's been fully briefed.  There is a -- there's an oral
14 argument date set, which may be moved.
15        I don't see that it is playing one parent off of the
16 other, your Honor.  The same points remain.  We -- the same
17 spoliation arguments exist here as there.  That's true.  We're
18 asking for a complete dismissal of the case there.  I don't
19 suspect that your Honor is going to go that far here, although
20 --
21        **THE COURT:**  I don't think I have the authority to
22 dismiss a case.
23        **MR. PINK:**  Fair enough.  I think that the -- there's
24 a recent case that we cited in our supplemental reply that may
25 give that to you.  But in any event, I don't suspect that we're

1  going there today.
2          **THE COURT:** No. Where we're going today is ruling on
3  the specific interrogatory seriatim.
4          **MR. PINK:** Okay. Well, I have nothing else to add,
5  your Honor.
6          **THE COURT:** Okay.
7          **MR. PINK:** I would just ask if I could reserve the
8  right to comment following the ruling or the -- I don't know if
9  it's going to be a tentative or if it's --
10         **THE COURT:** No, it's not going to be a tentative.
11 There's nothing tentative.
12         **MR. PINK:** Well, then --
13         **THE COURT:** It's going to be a ruling. So if you
14 want to argue, now is the time to do it. I'm not advising it
15 because you know, when you get these motions where you have 15,
16 20, 30, 50 requests to produce or interrogatories, I mean, all
17 really one can do is say granted, denied, granted, denied and
18 here are some reasons. Unless every now and then there is an
19 interrogatory or a request that sticks out and deserves special
20 attention.
21         **MR. PINK:** Your Honor, I mean, absent a question
22 about a specific one, which I am more than happy to address, I
23 think I would be wasting the Court's time to simply seriatim go
24 through and make my arguments for each.
25         **THE COURT:** All right.

1        **MR. PINK:**  If the other side wishes to argue, I would
2   just ask to -- the right to reply.
3        **THE COURT:**  Well, I just gave them the chance, and I
4   think they declined except to tell me about the fact that
5   there's a Summary Judgment motion in front of Judge Tucker.
6   Right, Mr. Hampton?
7        **MR. HAMPTON:**  Yes, your Honor.  Mr. Vernon, though,
8   just reminded me of additional small point.
9        **THE COURT:**  Go ahead.
10       **MR. HAMPTON:**  Go ahead, Mr. Vernon.
11       **MR. VERNON:**  Thank you.
12           Thank you, your Honor.  There was a point raised and
13  a line of authority raised in Defendants' Reply in Support of
14  the Motion for Summary Judgment that I think is especially
15  relevant here, and that's there's no obligation to provide
16  supplemental or corrective information that has otherwise been
17  made to known to parties in writing or during discovery.  And
18  we set forth in our Joint Stipulation and Supplemental Brief
19  why we think the objections are improper here and why we think
20  we've answered the precise questions that were posed.
21           To the extent that the Defendants require additional
22  information or more detail, that has been provided in
23  declarations and in deposition testimony and, as I know the
24  Court is aware, it's kind of set forth at length in our Joint
25  Stipulation.  But they have all of this information, your

1  Honor, and, your Honor, we feel that it's inappropriate for
2  them to continue this motion in light of that fact.
3            **THE COURT:**  All right.
4            **MR. VERNON:**  Thank you.
5            **THE COURT:**  All right.  I'm -- as I said, I'm going
6  to go seriatim and in the same order that they're listed in the
7  Joint Stipulation, which is not always the order of the
8  interrogatories.
9            All right.  So Interrogatory Number 1, which asks
10 Plaintiff to identify each song of the Black Eyed Peas that
11 Plaintiff has sampled, the objections of over breadth and
12 burdensomeness are silly, particularly given Plaintiff's
13 further response of none.  If none truly is the answer, it
14 cannot be burdensome to say so nor is the question overly
15 broad, nor is there any plausible argument as to relevance, nor
16 is there any basis for saying that investigation continues.
17 Plaintiff knows whether he sampled any songs and he does not
18 need any further investigation to answer.  Motion is granted as
19 to Interrogatory Number 1.
20           Number 2, the objections have no merit.  But
21 Plaintiff has answered the interrogatory, except he has left
22 himself some wiggle room by saying that investigation
23 continues.  Time for investigation has ended.  So Plaintiff
24 shall serve an amended answer without objection.  If there is
25 supplemental information to be provided as a result of

1  investigation that continued, that information shall be
2  provided also.
3           Number 3, the objections have no merit.  Plaintiff's
4  answer is evasive and not responsive to the interrogatory.
5  Responsive answers shall be served.
6           Number 4, the answer is sufficient.
7           Number 16, the objections have no merit.  In his
8  argument, but not in his answer to the interrogatory, Plaintiff
9  says that the matter he identified is the only document that is
10 responsive to the interrogatory, so it should be a simple
11 matter to say so in response to the interrogatory.  Plaintiff
12 shall serve an amended answer.
13          Number 17, the answer is sufficient.
14          Number 18, the answer is sufficient.
15          Number 19, the objections do not have merit.
16 Plaintiff has provided only a partial answer indicating when
17 the file was created and when it was last modified but not when
18 it was otherwise accessed or modified.  Plaintiff shall serve
19 an amended answer.
20          Number 21, it is unclear whether Plaintiff is saying
21 that in fact he accessed the file only twice in 2010.  If that
22 is his answer, then he needs to say so explicitly.  If he
23 accessed the file other times in 2010, then he needs to
24 identify those as well.  Plaintiff shall serve an amended
25 answer.

1              Number 22, the answer is sufficient.

2              Now, there's a Number 18 that's on Page 37 of the
3    Joint Stipulation, which is different from a prior
4    Interrogatory 18.  So what I'm about to say refers to the one
5    that's on Page 37 of the Joint Stipulation.  And that answer is
6    evasive, even as amended.  Plaintiff can state all the facts
7    that he knows that any Defendant physically appropriated "Take
8    a Dance."  Plaintiff cannot reserve any rights here.  The
9    purpose of discovery is to get the facts.  If Plaintiff knows
10   no facts that are responsive, then Plaintiff should say that.
11   If he knows facts that are responsive, he should identify them.
12   So Plaintiff shall serve a further amended response.

13             Interrogatory Number 5, the interrogatory would be
14   overly broad except that in his argument, Plaintiff states that
15   he has provided all the information that he has.  The answer to
16   the interrogatory itself, however, does not say that.  So
17   Plaintiff shall serve an amended response stating that the
18   information he has provided is the only information that he
19   has.

20             Interrogatory Number 6, Plaintiff shall serve an
21   amended response without objections stating what he states
22   here, that he had no communications with Defendant Pineda.  The
23   attempt to grasp at some straw by using the word "direct" is
24   silly lawyerese.  The same is true as to Interrogatories Number
25   7 as to Defendant Gomez and Interrogatory Number 8 as to

1  Defendant Ferguson.

2  Interrogatory Number 12, motion is granted as to this
3  interrogatory. Plaintiff's answer is completely evasive. The
4  Defendants have asked a contention interrogatory, which is
5  perfectly appropriate, but Plaintiff never answers the
6  contention. If he answers no, that is the end of the matter.
7  If he answers yes, then there is further information that is
8  required. Reference to answers to other interrogatories is not
9  an answer. Plaintiff shall serve an amended response.

10  As to Interrogatory Number 13, Plaintiff has answered
11  the contention here but the factual basis for his answer. He
12  needs to provide that in an amended response.

13  Interrogatory Number 14, if Plaintiff has any further
14  support for his answer to the contention in this interrogatory,
15  he shall provide it in an amended response.

16  Interrogatory Number 15 and Number 25, the answers
17  are sufficient.

18  The request for sanctions, in the discretion of the
19  Court, is denied.

20  Let's get the amended responses served within -- do
21  you have a discovery cutoff? I'm sorry.

22  **MR. HAMPTON:** It is past, your Honor.

23  **THE COURT:** It's past. Let's get those served within
24  10 days.

25  **MR. PINK:** Your Honor, if I may just ask for

1  clarification.  A number of the interrogatories, which you
2  instructed that supplemental responses should -- or amended
3  responses should be served, the existing responses say
4  investigation continues.  You addressed that with respect to
5  one interrogatory, but can we get a clear ruling that --
6          **THE COURT:**  That's clear, I mean, especially if
7  discovery is closed.
8          **MR. PINK:**  Okay.
9          **THE COURT:**  Investigation is over.
10         **MR. PINK:**  Right.  So --
11         **THE COURT:**  We need answers.
12         **MR. PINK:**  Okay.
13         **THE COURT:**  Or you need answers.
14         **MR. PINK:**  Okay.  So just so it is clear, they may
15 not say investigation continues in any amended answer, correct?
16         **THE COURT:**  You know, I've never thought that was
17 appropriate even if discovery was beginning.  You're asked an
18 interrogatory; you have to give an answer.  If supplemental
19 information arises, the rules provide for supplementing
20 responses.  So I don't think it's a valid response at any time.
21         **MR. PINK:**  Okay.  Thank you, your Honor.
22         **THE COURT:**  Anything further, Mr. Hampton?
23         **MR. HAMPTON:**  Yes, your Honor.  Would you happen to
24 have a written ruling about going through each one ad seriatim?
25         **THE COURT:**  No, that's it.

1 **MR. HAMPTON:** Okay. Then can I ask for clarification
2 on Number 13 because I was writing furiously and I skipped over
3 Number 13?
4 **THE COURT:** Number 13, what I said is Plaintiff has
5 answered the contention here but not the factual basis for his
6 answer. The interrogatory said, "Do you contend X," and you
7 gave an answer to what you contend. And then the interrogatory
8 says, "If you contend X, provide the factual basis."
9 **MR. HAMPTON:** Thank you, your Honor.
10 **THE COURT:** All right.
11 **MR. VERNON:** Thank you, your Honor.
12 **MR. PINK:** And you said supplemental responses will
13 be due when, your Honor?
14 **THE COURT:** Well, I said 10 days.
15 **MR. PINK:** Oh, I must have missed that.
16 **THE COURT:** All right. Those are to be served not
17 filed, obviously.
18 **MR. HAMPTON:** Thank you, your Honor.
19 **THE COURT:** All right.
20 **MR. VERNON:** Thank you.
21 **THE COURT:** Thank you, gentlemen.
22 Any other matters, Ilene?
23 **THE CLERK:** No, that's the one.
24 **THE COURT:** All right. We'll be in recess.
25 **(This proceeding was adjourned at 10:41 a.m.)**

14

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____   January 27, 2012
           Signed                          Dated

*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**